IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| OLD DOMINION FREIGHT LINE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SLABWAY, LLC, <br><br> Defendants. | 1:22CV164 |

**MEMORANDUM OPINION, ORDER AND DEFAULT JUDGMENT**

LORETTA C. BIGGS, District Judge.

This matter is before the Court on Plaintiff's Motion for Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, (ECF No. 10).

## I. PROCEDURAL BACKGROUND

Plaintiff commenced this action on March 2, 2022, with the filing of a Complaint. (ECF No. 1). Plaintiff seeks damages in the sum of $351,615.48, plus pre-judgment interest at the legal rate of 8% per annum from July 27, 2021, through the date of judgment and post-judgment interest thereafter, plus costs. (Complaint p. 6 ¶ 1., ECF No. 1). The Complaint is duly verified by Jonathan Ervin, Manager - Credit & Asset Recovery for Plaintiff. (ECF No. 1-1). Defendant was served on March 7, 2022. (ECF No. 5). Defendant failed to plead, and Entry of Default was filed by the Clerk on May 2, 2022. (ECF No. 9).

## II. LEGAL STANDARD

Entry of default judgment is left to the discretion of the court." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). "Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint."

1

*J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). However, "[t]he defendant is not held . . . to admit conclusions of law," as "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). To determine whether to enter judgment on a defendant's default, the court examines whether the well-pleaded allegations in the complaint support the relief sought in the case. *Id.* "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206. If the court determines that liability has been established, the court must then determine damages. *Romenski*, 845 F. Supp. 2d at 706. Unlike allegations involving liability, allegations regarding damages are not deemed admitted by a defendant's default. *Lawbaugh*, 359 F. Supp. 2d at 422. "The court must make an independent determination regarding damages." *Romenski*, 845 F. Supp. 2d at 706. In determining damages, the Court may rely on affidavits or documentary evidence in the record. *Id.*

### III. PLAINTIFF HAS ESTABLISHED LIABILITY

The Court has examined Plaintiff's well-pleaded allegations in the Complaint and determined there is a sufficient basis in the pleading to support the relief requested in the Complaint and further determines that liability has been established for this Judgment to be entered.

### IV. PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES

The Clerk should enter default judgment for Plaintiff pursuant to FRCP Rule 55(b)(1). Rule 55(b)(1) provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Plaintiff's claim is for a sum certain or a sum that can be made certain by calculation — $351,615.48, plus pre-judgment interest at the legal rate of 8% per annum from July 27, 2021, through the date of judgment and post-judgment interest thereafter, plus costs. (Complaint p. 6 ¶ 1., ECF No. 1). As earlier recognized, an Entry of Default has been entered by the Clerk of Court and the verified Complaint shall serve as the affidavit showing the amount due. Therefore, Plaintiff is entitled to Default Judgment for the sum certain outlined herein.

For the reasons outlined in the above, the Court enters the following:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that Plaintiff's Motion for Default Judgment is **GRANTED**, (ECF No. 10), and that Default Judgment is hereby entered in favor of Plaintiff and against the Defendant. Plaintiff shall have and recover the amount of $351,615.48, plus pre-judgment interest at the legal rate of 8% per annum from July 27, 2021, through the date of this judgment and post-judgment interest thereafter, plus the costs of this action.

This, the 13th day of March 2023.

/s/ Loretta C. Biggs
United States District Judge